UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:19-cv-01016-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO SHOW CAUSE AND DIRECTING AS MOOT PLAITNIFF'S SECOND MOTION TO PROCEED IN FORMA PAUPERIS |
| M. CHAPPUIS, | |
| Defendant. | [ECF Nos. 14, 15] |

Plaintiff Guillermo Trujillo Cruz is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 14, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's application to proceed in forma pauperis be denied because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and Plaintiff be required to pay the $400.00 filing fee in full. (ECF No. 5.) Plaintiff filed objections on September 10, 2019. (ECF No. 9.)

On December 20, 2019, the undersigned adopted the Findings and Recommendations in full and ordered Plaintiff to pay the $400.00 filing fee in full within thirty days. (ECF No. 13.)

On January 6, 2020, Plaintiff a "motion to show cause" and a motion to proceed in forma pauperis. (ECF Nos. 14, 15.) In the motion to show cause, Plaintiff appears to argue that he was in imminent danger of serious physical harm at the time of filing the complaint and he is unable to pay the $400.00 filing fee.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D.Cal. 1986). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

As stated by the Magistrate Judge, "Plaintiff has not shown that he is at risk of any serious physical injury. Rather, in seeking monetary damages, Plaintiff contends that on August 29, 2018, while housed at Kern Valley State Prison he was subjected to excessive force because officer M. Chappuis wrote false and fabricated statements in the classification chrono dated August 3, 2016. Plaintiff is now housed at North Kern State Prison, and there are no allegations that he is in imminent danger of physical harm based on allegations of excessive force that took place over ten months ago at a different prison." (ECF No. 6 at 2:21-26.) Further, the fact that Plaintiff is unable to pay the entire filing fee at this time does not alter the finding that he is subject to § 1915(g)'s three strikes bar. This is because under § 1915(g), "plaintiff's IFP application is barred, notwithstanding his indigency, unless plaintiff can show that he 'is under imminent danger of serious physical injury.'" Silva v. McDermott, No. C07-1278-JCC-JPD, 2007 WL 3125273, at *1 (W.D. Wash. Oct. 24, 2007). Accordingly, Plaintiff's motion for reconsideration must be denied.

//
//
//

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 14) filed on January 6, 2020, is denied;
2. Plaintiff's second motion to proceed in forma pauperis (ECF No. 15) filed on January 20, 2020 is denied;
3. Within twenty (20) days from the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full or this action will be dismissed;
4. If Plaintiff fails to timely pay the $400 filing fee, this case will be closed without further notice.

IT IS SO ORDERED.

Dated: February 20, 2020

SENIOR DISTRICT JUDGE