UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. CHAPPUIS,<br><br>　　　　Defendant. | Case No. 1:19-cv-01016-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY THE $400.00 FILING FEE<br><br>[ECF No. 18] |

　　　　Plaintiff Guillermo Trujillo Cruz is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On August 14, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's application to proceed in forma pauperis be denied because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and Plaintiff be required to pay the $400.00 filing fee in full. (ECF No. 5.)  Plaintiff filed objections on September 10, 2019.  (ECF No. 9.)

　　　　On December 20, 2019, the undersigned adopted the Findings and Recommendations in full and ordered Plaintiff to pay the $400.00 filing fee in full within thirty days.  (ECF No. 13.)

　　　　On January 6, 2020, Plaintiff filed a "motion to show cause" and a motion to proceed in forma pauperis.  (ECF Nos. 14, 15.)  In the motion to show cause, Plaintiff argued that he was in imminent danger of serious physical harm at the time of filing the complaint and he is unable to pay the $400.00 filing fee.  (ECF No. 14.)

On February 20, 2020, the Court denied Plaintiff's motion which was construed as a motion for reconsideration. (ECF No. 17.) The Court also denied Plaintiff second motion to proceed in forma pauperis. (Id.) Plaintiff was granted twenty (20) days to pay the $400.00 filing fee in full or was advised that the action would be "closed without further notice." (Id.)

Plaintiff has now filed a second motion for reconsideration on March 16, 2020. (ECF No. 18.) Plaintiff's motion must be denied. Plaintiff continues to argue that the complaint in this action demonstrates imminent danger of serious physical injury. (Id.)

Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D.Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

As stated by the Magistrate Judge and in the order denying Plaintiff's first motion for reconsideration, "Plaintiff has not shown that he is at risk of any serious physical injury. Rather, in seeking monetary damages, Plaintiff contends that on August 29, 2018, while housed at Kern Valley State Prison he was subjected to excessive force because officer M. Chappuis wrote false and fabricated statements in the classification chrono dated August 3, 2016. Plaintiff is now housed at

North Kern State Prison, and there are no allegations that he is in imminent danger of physical harm based on allegations of excessive force that took place over ten months ago at a different prison." (ECF No. 6 at 2:21-26.)  Plaintiff has not demonstrated that the Court's prior order was erroneous in any respect, and the Court finds no basis to grant the requested relief.

Additionally, because Plaintiff was previously advised that the failure to pay the $400.00 filing fee in full would result in dismissal of the action without further notice and Plaintiff has been provided ample time to pay the fee, the Court will dismiss this case.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. No. 18) is DENIED;
2. This case is DISMISSED, without prejudice, for failure to pay the filing fee; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: May 7, 2020

SENIOR DISTRICT JUDGE